# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DEREK IZZO,
          Plaintiff

v.

GENESCO, INC., d/b/a Lids
          Defendant

## PARTIES

1. Plaintiff Derek Izzo ("Plaintiff") is a resident of Plymouth, Plymouth County, Commonwealth of Massachusetts.

2. Defendant, Genesco, Inc., d/b/a Lids ("Defendant") has a principal place of business in Nashville, Tennessee.

## FACTUAL ALLEGATIONS

3. Defendant operates more than 2000 retail establishments throughout the United States under several names including "Lids."

4. Defendant employed Plaintiff as a store manager at its Lids stores from on or about May 2009 to August 2012, first in Kingston, MA, and subsequently in Boston, MA; Elizabeth, New Jersey; Hanover, MA, and finally, at the South Shore Plaza in Braintree, MA.

5. At all times relevant hereto one Matt Clark was Plaintiff's manager.

6. Throughout his employment, Plaintiff was capable of performing the essential functions of his job with or without reasonable accommodation. Plaintiff met or exceeded all job expectations and received positive evaluations of his work

7. Despite this, on or about August 30, 2012, during a lunch meeting at the South Shore Plaza food court, Clark told Plaintiff that he thought Plaintiff was either addicted to drugs or

1

an alcoholic, and therefore, that he would not permit Plaintiff to return to work, because Plaintiff's deteriorated mental state resulting from his addictions made him incapable of doing his job.

8. Plaintiff protested that he did not abuse drugs or alcohol and even offered to undergo drug testing to prove that he was "clean."

9. Clark, however, would not yield, insisting that Plaintiff confess to having a substance abuse problem, reiterating that Plaintiff could not return to work if he did not confess, and that Plaintiff could not remain employed unless he admitted his addiction and entered a drug and alcohol treatment program.

10. Complainant was not abusing drugs or alcohol, so he rejected Mr. Clark's demands, and therefore, was not permitted to return to work and terminated from employment.

## ADMINISTRATIVE PREREQUISITES

11. On January 11, 2013, Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") against Defendant based on the events described herein.

12. Following an investigation in which both parties submitted sworn written statements and during which both Plaintiff and Mr. Clark provided testimony, on October 8, 2013, the MCAD found probable cause that Defendant terminated Plaintiff's employment on the basis of disability/perceived disability, in violation of G.L. c. 151B and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

13. Plaintiff has received authorization to bring this action in this court from the EEOC and MCAD (Ex.'s A and B.)

## SUBJECT MATTER JURISDICTION

14. This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, federal question.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12114

15. Defendant's employment of Plaintiff was subject to the ADA.

16. The ADA makes it unlawful for a covered employer to take an adverse action against an employee who has a "disability," defined as a "physical or mental impairment that substantially limits one or more major life activities," or to take adverse actions against an employee it regards as having such an impairment, but who is capable of performing the essential functions of his job with or without reasonable accommodation. 42 U.S.C. § 12102(1)(A).

17. Covered employees who are recovering from an addiction to drugs or alcohol, or who are wrongly perceived as abusers of alcohol or illegal drugs, are protected under the ADA, as the statute aims to protect them from the stigma associated with addictions. 42 U.S.C. § 12114(a) and 42 U.S.C. § 12114(b)(3).

18. By its agent Clark, Defendant erroneously regarded Plaintiff as an alcoholic or as engaging in illegal drug use, and as a result, in violation of the ADA, took adverse actions against him, including by refusing to permit Plaintiff to return to his place of work; conditioning Plaintiff's continued employment on admitting substance abuse and entering a treatment program; and terminating Plaintiff's employment.

19. Defendant's illegal conduct caused Plaintiff to suffer harm, injury, and damages.

## COUNT II
## VIOLATION OF G.L. c. 151B

20. Defendant's employment of Plaintiff was subject to G.L. c. 151B.

21. It is unlawful under G.L. c. 151B for a covered employer to take an adverse action against an employee who has a "handicap," defined as a "physical or mental impairment that substantially limits one or more major life activities," or to take adverse actions against an employee

it regards as having such an impairment, but who is capable of performing the essential functions of his job with or without reasonable accommodation. G.L. c. 151B, § 16(4).

22.     Covered employees who are recovering from an addiction to drugs or alcohol, or who are wrongly perceived as abusers of alcohol or illegal drugs, are protected under G.L. c. 151B, as the statute aims to protect them from the stigma associated with addictions.

23.     By its agent Clark, Defendant erroneously regarded Plaintiff as an alcoholic or as engaging in illegal drug use, and as a result, in violation of G.L. c. 151B, took adverse actions against Plaintiff, including by refusing to permit Plaintiff to return to his place of work; conditioning Plaintiff's continued employment on admitting substance abuse and entering a treatment program; and terminating Plaintiff's employment.

24.     Defendant's illegal conduct caused Plaintiff to suffer harm, injury, and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter Judgment:

A. Awarding him back pay, front pay, damages for emotional distress, compensatory and punitive damages, costs and attorney's fees, and liquidated damages, as provided by the ADA and G.L. c. 151B.

B. Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

THE PLAINTIFF, DEREK IZZO

By his attorney,

s/Daniel W. Rice
Daniel W. Rice, BBO# 559261
GLYNN, LANDRY & RICE, LLP
25 Braintree Hill Office Park, Suite 408
Braintree, MA 02184
(781) 849-8479 (office)
(781) 964-8377 (mobile)
daniel.rice@glhrlaw.com

Dated:  September 10, 2014